Gonzalo ALVAREZ–CAMPOS,
Petitioner,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 06–70568.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 25, 2008.

Martin Avila Robles, Esq., Law Office of Martin Resendez Guajardo, P.C., San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Ari Nazarov, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Gonzalo Alvarez–Campos, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Altamirano v. Gonzales,* 427 F.3d 586, 591 (9th Cir.2005), and we deny in part and dismiss in part the petition for review.

The BIA properly determined that Alvarez–Campos is removable under 8 U.S.C. § 1227(a)(2)(A)(i) because within five years of his admission Alvarez–Campos was convicted of a crime involving moral turpitude for which a sentence of one year or longer may be imposed. Convictions under Cal.Penal Code § 487 are categorically for crimes involving moral turpitude. *See Garcia–Lopez v. Ashcroft,* 334 F.3d 840, 844 (9th Cir.2003). Moreover, Alvarez–Campos' grand theft conviction was for a felony. The state court merely suspended his felony sentence and has not declared his conviction to be a misdemeanor. *See id.* at 844–45 (construing Cal.Penal Code § 17(b)). A sentence of one year or longer could have been imposed for the felony conviction. *See* Cal.Penal Code § 18 (a felony is punishable by imprisonment in state prison for 16 months, two years, or three years).

We lack jurisdiction to review Alvarez–Campos' contention regarding his eligibility for cancellation of removal because he failed to raise that issue before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (exhaustion is mandatory and jurisdictional).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.